## Ozias W. Shipman v. Edwin Byles, Trustee.

*Principal and agent—Authority to give promissory note.*

A financially embarrassed firm agreed with four creditors, secured by chattel mortgages on its stock, that one of the copartners, named Carpenter, should assume the management of the business, and conduct it in the name of defendant as trustee, which was done, and the mortgages afterwards paid. After the payment Carpenter continued the business in the name of the trustee, and also dealt in coal, which was purchased in his own name, but the profits realized mingled with the *general* business, no *separate* account being kept thereof. In conducting said *firm* business, Carpenter gave and took notes in the name of the trustee generally, with his knowledge, and gave such notes in settlement for purchases of coal made in Carpenter's name.

*Held,* in a suit on one of said coal notes, that if such coal transactions were a part of the *general* business, and Carpenter had authority from the trustee to give notes in his name in payment of goods bought in *such* business, he had a right to pay for the coal in the same manner, and that, in legal effect, the debt was that of the trustee, and not of Carpenter.

Error to Kent. (Montgomery, J.) Argued April 21, 1887. Decided April 28, 1887.

Assumpsit.   Defendant brings error.   Affirmed.   The facts are stated in the opinion.

*Maher & Felker,* for appellant.

*William E. Grove,* for plaintiff.

MORSE, J.   This is a suit in assumpsit upon a promissory note purporting to be made by the defendant, and signed "ED. BYLES, Trustee." The action was commenced in justice's court, and the note was filed with the justice on the return day of the summons, when the plaintiff declared orally. The defendant pleaded the general issue, and filed the affidavit of one Norman D. Carpenter, denying the execution of the note by the defendant, and averring that the signature to the same was not the signature of the said Edwin Byles. Judgment was rendered for the plaintiff. The defendant appealed to the Kent circuit court, in which court, upon a jury trial, the plaintiff recovered the amount of the note and interest. The defendant alleges error in such trial, and brings the case here for review.

The proofs are that the note in question was given in payment of coal bought of plaintiff in the name of Norman D. Carpenter. The coal was resold by Carpenter to different parties, with the exception of one load, which was possibly used in Carpenter's store. Before and at the time of the purchase of the coal, and also at the date of the execution of the note, Carpenter was carrying on a hardware business at No. 15 Canal street, in the city of Grand Rapids.

The inception of this business grew out of the dealings of the firm of Carpenter, Judd & Co., of which Carpenter was a member. The firm, becoming financially involved, had given four large chattel mortgages upon its stock, Edwin Byles being one of the mortgagees. By some agreement between the firm and the mortgagees, the property was placed in the hands of Byles as trustee for the payment of

the mortgages. Carpenter was given the management and possession of the property and the business, with authority to conduct the same in the name of "Edwin Byles, Trustee." The mortgages were foreclosed, and the property bid in by the mortgagees.

Carpenter, who was a witness for the defendant, testifies that there was an understanding or agreement between himself and Byles, and in fact all the mortgage creditors, "that, when they got their money, that was all they cared for;" that the mortgagees were all paid the money belonging to them upon their respective mortgages nearly three years before the execution of this note, and, when such payment was made, the property became his; and that Byles had no claim upon or interest in the business after he received his pay upon the mortgage, and since that time Carpenter has not been accountable to him for the proceeds of the business. But he continued to do business in the name of Byles, trustee.

Carpenter swears that he continued business in "both his [Byles'] name and mine. By an agreement with him, I used his name if I chose." When Carpenter sold out the business, he gave a receipt in the name of "Edwin Byles, Trustee," and conducted the business mainly under such name. Evidence was also introduced showing that while he carried on the business, both before and after Byles' claim upon the property was paid, he gave notes for goods bought, and took notes for goods sold, in the name of "Ed. Byles, Trustee," and also bought lumber, for which he gave notes in the same name. Carpenter executed these notes, but claims that Byles never saw any of them, and he never talked with him about the details. But there was testimony from other parties tending to show that Byles knew of the giving of these notes, and was acquainted with the general method of Carpenter's management of the business. After the mortgages were paid, Carpenter dealt largely in coal, buying it by the car-

load, and retailing it.    There was evidence tending to show very clearly that the coal business was not separate from the business conducted in the name of the defendant, but a part of it; and, although the coal bought of plaintiff was purchased in his own name, the proceeds and profits from the resale of the same were mingled with the general business, and no separate account kept of it.

In relation to the execution of the note, Carpenter claims that he first made out and signed a note in his own name, but the agent of plaintiff said he would rather have it in Byles' name.    Carpenter replied: "I don't want to give Mr. Byles' paper for anything that is a matter of my own;" but, the agent insisting upon it, Carpenter tore up his own note and executed and delivered the one in suit.    The agent, Eugene Hamilton, does not remember any such conversation, and testifies that he does not think any such thing took place.    As he remembers the transaction, Carpenter offered to give him a note, and made one out, and Hamilton asked him to sign it in Byles' name, and Carpenter at once did so. Hamilton wanted cash, but Carpenter wanted time, and the note was made.

Some errors are assigned to rulings upon the introduction of evidence, but they are not alluded to in defendant's brief, and are unimportant.

The contention of the defendant's counsel is that the court should have directed a verdict for the defendant; that the debt for which the note was given in payment was the debt of Carpenter, and that there was no authority shown in Carpenter to pay the same by the execution of a note in the name of Byles; that the coal bought in the name of Carpenter could not be considered the business of the defendant, even if Carpenter was carrying on his general business in the name of Byles, and with his consent.

If the coal business, however, was a part and parcel of the general business carried on by Carpenter under the name of

the defendant, and with his authority or consent, we think he would be liable for the coal so purchased and used in the business, although it may have been sold and billed in the name of Carpenter. There is evidence tending to show that plaintiff knew in whose name the business was run, and relied upon the credit of Byles in his dealings with Carpenter, and wanted the security for the extension of time of payment in Byles' name. The court below fairly submitted the case to the jury.

The circuit judge instructed the jury that the debt was Carpenter's, and that Byles could not be holden for it, unless the execution of the note came within the scope of a general authority to act in the name and execute notes in the name of Byles, trustee; but as Carpenter had testified that he was authorized to use the name of Byles as he saw fit with reference to matters connected with the business, and the conduct of the same, as to which Byles had been trustee, if they found that the purchase of this coal was a transaction connected with this business, and the note was executed under authority from Byles, either express or implied, their verdict should be for the plaintiff; but, if they found that the purchase of this coal was not a part of this business, then their verdict should be for the defendant.

The testimony was uncontradicted that Carpenter was running his business nearly three years, and giving and taking notes generally in the name of Byles. The jury had a right to infer that this method of doing business was authorized by Byles. And if this coal transaction was a part of this business, and there was evidence to this effect, it could make no material difference in whose name it was bought or billed. If it belonged to the business conducted in the name of Edwin Byles, trustee, and Carpenter had authority from Byles to give notes in payment of goods bought in such business, he had a right to pay for this coal, or the balance represented by this note, in the same way and manner that he paid for

the other goods, as, in legal effect, it was not the debt of Carpenter, but the debt of Edwin Byles, trustee. It is undisputed that Carpenter, while doing business, had his bank deposit in the name of one McIntosh, and that all his funds were in one general lump, and he does not claim that the coal business was at all distinct or separate from the general business. The conclusion is almost irresistible that it was all one business. The charge of the court was, in my opinion, more favorble than the defendant had a right to ask.

The judgment is affirmed, with costs.

The other Justices concurred.